Gerard M. **HAYNES**, Plaintiff,

v.

The **AMERICAN IMPORT COMPANY**, a corporation, et al., Defendants.

No. C–70–2006–OJC.

United States District Court,
N. D. California.

June 14, 1972.

Huebner & Worrel, Los Angeles, Cal., Flehr, Hohbach, Test, Albritton & Herbert, San Francisco, Cal., for plaintiff.

Naylor & Neal, San Francisco, Cal., for defendant The American Import Co.

Townsend & Townsend, San Francisco, Cal., for defendant Thomas P. Jorgensen.

## MEMORANDUM GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

OLIVER J. CARTER, Chief Judge.

This action was brought by an inventor claiming infringement of a patent issued to him for a fishing float. The defense asserted to the claim of infringement is that the patent is invalid, due both to prior art and obviousness. At the last hearing in this case several motions were presented to the Court. The Court granted the plaintiff's motion to add additional parties as defendants and an amended complaint has been filed. The defendant Jorgenson's motion for summary judgment was taken under submission, while his motion for costs and attorney's fees was continued by the Court subject to setting for hearing by Court order. The plaintiff's cross motion for summary judgment and dismissal of defendant American's counterclaims was also taken under submission. While the defendant American did not expressly join in the motion for summary judgment made by the other defendant it is the Court's present impression from oral argument that it now has. Accordingly now before the Court are cross motions for summary judgment and a motion to dismiss the defendant American Import Company's counterclaim for a declaration of invalidity and injunctive relief. The three parties agree, and the Court so finds, that no material issues of fact remain as to these motions. The Court, therefore, concludes that summary judgment is appropriate, Ashcroft v. Paper Mate Manu. Co., 434 F.2d 910 (9th Cir. 1970).

The claimed invention is the construction of a fishing float formed from a hollow sphere of clear plastic. (Illustration attached, exhibit "A"). There are two openings at opposite ends of the float which may be used to fill the entire cavity with fluid. A transparent tube of a similar plastic fits tightly into those two aligned holes to prevent fluid flow into or out of the cavity. The tube is tapered and the openings are of different diameters so that when only slightly dislodged from a tight fit fluid can again flow into or out of the cavity. The tightening or dislodging of the tube will thus allow a fisherman to fill the cavity with varying amounts of water to suit his needs. Additionally by entirely filling the cavity of the float it will become heavier than water and sink at least some distance beneath the surface of the water. Thus the float can be described in that condition as a sinker. (The three patent claims are set out in Exhibit "B").

The defendants claim that the claims were rejected by the patent office on the basis of two prior patents. (Also seen illustrated in Exhibit "A"). They further contend that the patent in issue was only issued when the plaintiff "swore behind" the more recent of those patents (Soskice # 2,726,474, December 13, 1955), and thus convinced the patent office that it was not prior art. Thus an issue is what weight should be given to the initial patent office rejections that were eventually avoided by a swearing behind that has now proven to be erroneous.

The Court believes that an alternative ground is presented for decision that will avoid the need to consider the niceties of patent office res judicata. The Court believes that the patent issued to the plaintiff is invalid, whether or not the patent office's varying approvals and disapprovals are given weight.

The Court is convinced that the claimed invention was obvious to anyone with any degree of experience in the pertinent area of expertise, whether both prior patents be considered prior art or only the earlier. (Streitwieser # 2,509,704, May 30, 1950).

All parties apparently concede that to make a fishing float of transparent material was not novel at the time of the patent issuance. Indeed this plaintiff himself had a prior patent for a transparent float. (Haynes # 2,275,076, March 3, 1942). Likewise filling a float with water to make it heavier was certainly no invention in light of the Streitwieser patent. Using a tapered tube to form the closure was neither novel, nor does it meaningfully contribute to the effectiveness of the present patent. Boring a hole in the tapered tube to accommodate the fishline was clearly called for by Streitwieser. It would appear to the Court, therefore, that the only real novel feature of the patent in contention is that it does not have cork on the outside, and, therefore, unlike Streitwieser's device it will sink when entirely filled with water. It seems plain to the Court, therefore, that a device which merely calls for a plastic sphere, when filled with water, to sink is hardly inventive.

When to the above is added the Soskice patent, even the slightest question of novelty is eliminated. The Soskice device, in the view of the Court, is a more sophisticated device than the patent in question. Soskice contains all the important aspects of plaintiff's claims except it is so designed that it cannot be filled with water because of two tubes extending into the cavity of the float. The tubes create a small air pocket which maintains sufficient buoyancy to keep the float afloat. It is completely obvious that were one to remove those tubes the Soskice patent would be an identical twin to the plaintiff's.

The Court finds that prior art inventions of others were patented in this country more than one year before plaintiff filed his application for patent. 35 U.S.C. § 102(b). The Court further finds that the subject matter of plaintiff's alleged invention was merely a combination of ideas drawn from existing art. The recent case of Hewlett-Packard Company v. Tel-Design Inc., 460 F.2d 625 (9th Cir., 1972) set forth the standard which is to be applied to inventions which are combinations of prior art.

"In this circuit we have determined that the combination of old elements must produce an 'unusual or surprising result'; that 'unusual or surprising result' is the basis upon which the legal conclusion of nonobviousness must rest. Regimbal v. Scymansky, 444 F.2d 333 (9th Cir. 1971); Santa Anita Mfg. Corp. v. Lugash, 369 F.2d 964 (9th Cir. 1966), cert. denied, 389 U.S. 827, 88 S.Ct. 83, 19 L.Ed.2d 83 (1967); Bentley v. Sunset House Distributing Corp., 359 F.2d 140, 146 (9th Cir. 1966). Consequently, there must be an express finding to this effect, Regimbal v. Scymansky, *supra*, or at least factual findings which could be so construed."

An examination of the record in this case convinces this Court that the combination of the elements of the prior art, referred to above, produced no unusual or surprising result. The Court finds that it was within the ordinary skill of the art to produce a transparent fishing float that sinks. (35 U.S.C. § 103).

Accordingly, this Court concludes that claims 1 through 3 of Patent No. 2,827,731 are invalid.

It is ordered that the motions for summary judgment on both claim and counterclaim by the defendants American Import Company and Thomas P. Jorgenson be, and the same are hereby granted.

It is further ordered that the defendants, or one of them, prepare an appropriate form of judgment and permanent injunction.

It is further ordered that the defendants, or one of them, within twenty (20) days of the date of this order re-notice their motions for attorneys' fees, or the motions will be denied.

It is further ordered that this memorandum shall constitute the findings of fact of the Court in this action.

EXHIBIT "A"

# FIG _ 1

FLOAT OF THE
PATENT IN SUIT
Patent #2,827,731 - 3/25/58

# FIG _ 2

SOSKICE PATENT
SAME AS PRIOR ART
AIREX FLOAT

Patent #2,726,474 - 12/13/55

# FIG _ 3

PRIOR ART
STREITWIESER
PATENT
Patent #2,509,704 - \30/50

EXHIBIT B

CLAIM 1

In a fishing line float,

a hollow, transparent body including first and second similar sections having their adjacent edge portions secured together,

said first and second sections being made of transparent material,

their being diametrically opposed first and second openings in said first and second sections,

said second opening being of greater diameter than said first opening,

a tube extending through said openings and provided with a longitudinally extending bore,

a fishing line extending through said bore,

said bore permitting the line to slide freely through the bore at the time the fish strikes the line,

said tube being made of transparent material,

said tube having a tapered outer surface so as to define a first end portion mounted for movement into and out of said first opening,

and said tube further including a second end portion of greater diameter than said first end portion and said second portion being mounted for movement into and out of engagement with said second opening concurrently with movement of the first end portion into and out of said first opening,

said tube remaining in engagement with said openings by frictional contact until the tube is manually moved.

said tube providing simultaneous hermetic sealing of said openings when engaged therein,

the length of said tube being greater than the distance between said openings,

said tube being movable manually whereby colorless fluid can flow in through one of said openings while air vents out the other opening,

said tube being frictionally held in position to retain a desired amount of clear liquid in the body,

and a collar of greater diameter than said tube arranged on said tube intermediate the ends thereof,

the inner and outer wall surface of said body being transparent so that fish will not be frightened away,

the float being liquid filling so that it can be used as a casting float,

said float when filled having a specific gravity slightly greater than water whereby the float will normally assume a position slightly below the surface, or when partially filled will float on the surface,

said float retaining the same specific gravity at which it is set.

CLAIM 2

A combined casting weight and float adapted to be filled with water to preclude visual detection when immersed in water comprising a thin-walled hollow shell of transparent material having an internal cavity and providing aligned openings therethrough and an elongated tapered transparent closure member extended through the shell and mounted in the shell for reciprocal longitudinal positioning therein,

said closure member being adapted for connection to fishline and having portions simultaneously engageable with the shell in the openings to seal the same and simultaneously displaceable from the correspondingly to open the same.

CLAIM 3

A combined casting weight and float,

of adjustable specific gravity between predetermined limits which is substantially invisible when immersed in water in its heaviest adjusted condition comprising a thin-walled hollow shell of transparent material having an internal cavity and providing aligned openings therethrough through which the cavity may be entirely filled with water and entirely drained of water,

which shell and contents when filled with water are heavier than water and

which shell and contents when filled with water and air are lighter than water;

an elongated tapered tubular closure member adapted to have a fishline freely slidably threaded therethrough,

said closure member being extended through the openings of the shell and mounted for reciprocal longitudinal movement therein,

said closure member also having portions simultaneously displaceable from the openings correspondingly to open the same;

and means integral with the closure member within the cavity of a size in relation to the openings precluding removal of the closure member from the shell.